F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES MATHES, JR.,

      Petitioner-Appellant,

v.

GARY GIBSON, Warden of J.C.C.C.,

      Respondent-Appellee.

No. 97-5221
(D.C. No. CV-97-941)
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

      Charles Mathes, Jr. ("Mathes") is subject to both federal and Oklahoma

state sentences for various crimes. While serving time in federal prison in 1989,

Mathes pleaded guilty to a 1987 Oklahoma drug offense and was sentenced to two

years' imprisonment to be served concurrently with his federal sentence. Also in

1989, Oklahoma revoked Mathes' parole for a 1980 robbery conviction and

---

      *After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

ordered that he serve the remainder of his 10-year to 32-year sentence. Oklahoma filed a detainer against Mathes, and upon Mathes' parole from federal prison in 1996, he was returned to Oklahoma. Oklahoma officials determined that the two-year sentence imposed in 1989 had expired. However, Oklahoma retained custody of Mathes on the parole revocation.

Mathes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, contending that the Oklahoma parole revocation was to be served concurrently with the federal sentence and, as a result, that Oklahoma had an obligation to release him to his federal parole. The district court denied the petition and denied Mathes a certificate of appealability.

We do not find that Mathes has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c). Therefore, we deny a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge
